UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CR04-128-MJP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | SUMMARY REPORT OF U.S. |
| | ) | MAGISTRATE JUDGE AS TO |
| BOBBY JOE DAVIS, | ) | ALLEGED VIOLATIONS |
| | ) | OF SUPERVISED RELEASE |
| Defendant. | ) | |
| _____ | ) | |

An evidentiary hearing on supervised release revocation in this case was scheduled before me on September 5 and 7, 2007. The United States was represented by AUSA J. Tate London, and the defendant by John W. Lundin. The proceedings were digitally recorded.

Defendant had been sentenced on or about January 14, 2005 by the Honorable Marsha J. Pechman on a charge of Making, Uttering, and Possessing False Counterfeit Securities and sentenced to 14 months custody, 3 years supervised release. (Dkt. 158 )

The conditions of supervised release included the standard conditions plus the requirements that defendant be prohibited from possessing any firearms, cooperate in collecting DNA, submit to mandatory drug testing, submit to search, pay restitution in the amount of $86,200, provide financial information to his probation officer, including any business interests, disclose all assets

and liabilities, allow inspection of his personal computer, not incur any new credit without permission, and not possess any forms of identification in any but his true identity.          In an application dated February 15, 2007 (Dkt. 243), U.S. Probation Officer Calvin Bouma alleged the following violations of the conditions of supervised release:

    1.    Associating with a convicted felon, Melissa Scheldt, without permission on various dates during 2006, in violation of standard condition number 9.

    2.    Committing the crime of False Statements in violation of 18 U.S.C. § 1001, on or about July 3, 2006.

    3.    Committing the crime of False Statements in violation of 18 U.S.C. § 1001, on or about October 28, 2006.

    4.    Failing to disclose all assets and liabilities to the probation office, and transferring assets without consulting the probation office in violation of the special condition requiring him to disclose all assets and liabilities to the probation office, and requiring that he not transfer, sell, give away, or otherwise convey any asset, without first consulting the probation office.

On March 7, 2007, defendant's supervised release was modified to require residence in a halfway house for up to 180 days pending resolution of the alleged violations. (Dkt. 253.)

In an application dated April 12, 2007 (Dkt. 263), U.S. Probation Officer Calvin Bouma alleged the following additional violation of the conditions of supervised release, which was incorporated with the previously reported violations:

    5.    Associating with Willie Hughes, a convicted felon, on various dates since his release from custody in March of 2006, in violation of standard condition No. 9.

The modification of defendant's supervised release to require halfway house residence was

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE -2

extended on August 30, 2007 for an additional 180 days. (Dkt. 266.)

A hearing was held on September 5 and 7, 2007 to address the five pending violations. Defendant was advised in full as to those charges and as to his constitutional rights. Defendant admitted alleged violations 1, 2, 3, and 4 and waived any evidentiary hearing as to whether they occurred. (Dkt. 268, 269.) The government moved to dismiss alleged violation 5. The parties agreed to jointly recommend that the proper disposition of the violations would be a sanction of one year. The parties agree that the government may argue that the one year sanction should be in custody, and the defendant may argue that he should be given a credit for the time spent in the halfway house toward the one year sanction.

I therefore recommend the Court find defendant violated his supervised release as alleged in violations 1, 2, 3, and 4 and that the Court conduct a hearing limited to the issue of disposition. I recommend that the Court dismiss violation 5. The next hearing will be set before Judge Pechman.

Pending a final determination by the Court, defendant has been released on the conditions of supervision, which include halfway house residence.

DATED this 7th day of September, 2007.

Mary Alice Theiler
United States Magistrate Judge

cc:   District Judge:        Honorable Marsha J. Pechman
      AUSA:                  J. Tate London
      Defendant's attorney:  John W. Lundin
      Probation officer:     Calvin Bouma

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE -3